IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO. 99-10119 (ESL)

SANTOS SURITA ACOSTA
CARMEN CRUZ SILVA                                          CHAPTER 7

   Debtors
                                                          ADVERSARY NO. 11-00146 (ESL)
SANTOS SURITA ACOSTA
CARMEN CRUZ SILVA
Plaintiffs

   vs.

REPARTO SAMAN INC.
Defendant

## OPINION AND ORDER

Before this court is Defendant's *Motion to Dismiss* (Docket No. 6) under Fed. R. Civ. P. 12(b)(6) claiming that the *Complaint's* factual allegations are insufficient and that Section 362(b)(3) of the Bankruptcy Code, 11 U.S.C. § 362(b)(3), provides an exception to the automatic stay to perfect or continue to perfect an interest in property pursuant to 11 U.S.C. § 564(b). Also pending before the Court is Plaintiffs' *Motion for Partial Summary Judgment* (Docket No. 11) claiming that although Defendant had a pre-petition interest in Plaintiffs' property, they subsequently withdrew their mortgage from the Property Registry and then proceeded to re-file and record the same after the commencement of the case. Plaintiffs therefore seek partial summary judgment regarding the alleged violation of the bankruptcy discharge. A pre-trial hearing was held on November 22, 2011 (Docket No. 27). After considering the arguments and pleadings on record, based on the totality of the circumstances, for the reasons stated herein Defendant's *Motion to Dismiss* (Docket No. 6) is denied and Plaintiffs' *Motion for Partial Summary Judgment* (Docket No. 11) is granted.

### Procedural Background

Plaintiffs filed a voluntary Chapter 7 bankruptcy petition on August 2, 1999 (Lead Case No. 99-10119, Docket No. 1[1]). In Schedule A (Real Property), they listed one real property located at

---

[1] References to the lead case are to the entries and documents filed in bankruptcy case no. 99-10119 (ESL) (the "Lead Case").

Reparto Saman, Street No. 10, Lot Q-17, Cabo Rojo, Puerto Rico (the "Real Property") (Lead Case Docket No. 1, p. 5). In Schedule D (Secured Claims), they listed Defendant Reparto Saman, Inc. as their only secured creditor (Lead Case Docket No. 1, p. 9).

On September 17, 1999, Plaintiffs filed an Amended Schedule D, in which they clarified that the registration of "first mortgage on debtors [*sic*] house [referring to the Real Property] ... is pending before the [Property Registry]" and that "the validity of this mortgage depends upon compliance of creditor [with] certain requirements." (Lead Case Docket No. 5, p. 2)

On December 21, 1999, the Chapter 7 Trustee (the "Trustee") filed a *Notice of Abandonment* for the Real Property indicating that it has no value or is burdensome to the estate (Lead Case Docket No. 8) and a *Report of No Distribution* (Lead Case Docket No. 9). No objections were filed. The Trustee listed the Real Property as secured in the amount of $36,505 and determined that this was a no-asset case. (*Notice of Abandonment*, Lead Case Docket No. 8)

On February 11, 2000, the *Discharge of Debtors* and the *Order Discharging Trustee and Closing Case* were entered (Lead Case Dockets Nos. 13 & 14).

On August 28, 2008, Plaintiffs filed a *Motion to Reopen Chapter 7 Case* (Lead Case Docket No. 17), which was initially granted on September 28, 2008 (Lead Case Docket No. 19) but later re-closed on February 13, 2009 for lack of prosecution (Lead Case Docket No. 21). On June 23, 2011, Plaintiffs again moved to reopen the case (Lead Case Docket No. 25), and on July 8, 2011 said petition was granted (Lead Case Docket No. 29).

On July 12, 2011, Plaintiffs filed the instant *Adversary Proceeding* for violation of discharge pursuant to 11 U.S.C. § 727(b) claiming that Defendant had filed, recorded and registered a mortgage deed after the filing of this bankruptcy case and had also initiated foreclosure proceedings against Plaintiffs in violation of the discharge injunction. The Trustee was duly notified of the *Adversary Proceeding*.

On August 1, 2011, Defendant filed a *Motion to Dismiss* (Docket No. 6) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted under 11 U.S.C. §§ 546, 362(b)(3) and 546(b)(1). Id., p. 6. On August 31, 2011, Plaintiffs moved for partial summary

judgment on Defendant's alleged violation of the permanent discharge injunction[2] pursuant to 11 U.S. C. § 727 (Docket No. 11). Plaintiffs also filed on that date an opposition to Defendant's *Motion to Dismiss* (Docket No. 12), arguing that the mortgage had been withdrawn on October 18, 1999, that as a result the reach back provision in Puerto Rico's Mortgage Law is not applicable and that the same was not properly constituted at the time of Plaintiffs' discharge on February 11, 2000. On October 10, 2011, Defendant filed a *Sur-reply* (Docket No. 20) arguing solely that the *Complaint* was not well-pleaded. However, Defendant did not address or contested Plaintiffs' allegation that the mortgage had been withdrawn during from the Property Registry during Plaintiffs' bankruptcy proceeding.

After due notice to all interested parties, including the Trustee, a pre-trial and argumentative hearing was initially set for November 21, 2011 but later rescheduled for November 22, 2011. See Dockets Nos. 3, 4, 21, 22, 23, 24, 27 & 29. Both parties presented their respective arguments before the court. The following material facts are uncontested by Defendant's admission and/or stem from the Docket entries in the Lead Case:

Material Uncontested Facts

1. On May 13, 1996, Plaintiffs purchased the Real Property by virtue of *Purchase and Mortgage Deed No. 98* (the "*Purchase and Mortgage Deed*") executed on that day before Notary Public Susan Baez Dixon.

2. The Real Property was purchased for $35,800, of which $35,000 was secured by a mortgage to Defendant. The *Purchase and Mortgage Deed* was filed at the corresponding section of Puerto Rico Property Registry on October 7, 1998.

3. On August 2, 1999, Plaintiffs filed a voluntary Chapter 7 bankruptcy petition (Lead Case No. 99-10119, Docket No. 1)[3]

---

[2] Plaintiffs requested that a partial summary judgment be entered upon Defendant's alleged violation of the discharge and that the determination of actual and punitive damages be made at a later stage of the case. See Docket No. 11, p. 3, ¶¶ 13-14.

[3] This fact was not admitted by Defendant during the hearing, but it is undisputed from the record of the Lead Case. See Lead Case Docket No. 1.

4. On August 20, 1999, the Property Registrar notified certain defects ("faltas") in the documents presented.

5. On October 18, 1999, the *Purchase and Mortgage Deed* was withdrawn from the Property Registry by Notary Public Susan Baez Dixon Baez.

6. On February 11, 2000, the *Discharge of Debtors* and the *Order Discharging Trustee and Closing Case* were entered (Lead Case Dockets Nos. 13 & 14)[4].

7. On March 29, 2000, Defendant filed foreclosure *Complaint* before the Court of First Instance at Cabo Rojo Court (Case No. I4CI20000211) which was dismissed by a Judgment entered on June 12, 2000 in light of the automatic stay resulting from this bankruptcy proceeding.

8. On June 26, 2001, the *Purchase and Mortgage Deed* was re-filed at the Property Registry.

9. On July 13, 2003, the mortgage was recorded by the Property Registrar.

10. On January 23, 2008, the Defendant filed another foreclosure *Complaint* before the Court of First Instance, Superior Court of Cabo Rojo (Case No. I4CI200800054).

The court noted that the Trustee was not present at the hearing, although he was adequately notified. See Docket No. 27.

Applicable Law & Analysis

*(A)    Defendant's Motion to Dismiss*

Fed. R. Bankr. P. 7012 makes Fed. R. Civ. P. 12(b)(6) applicable to adversary proceedings such as this one.

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not required, the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Therefore, to survive a motion to dismiss, a complaint must contain sufficient

---

[4] This fact was not admitted by Defendant during the hearing, but it is undisputed from the record of the Lead Case. See Lead Case Docket Nos. 13 & 14.

4

factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556. This new "plausibility" standard replaced the traditional standard, under which the movant was required to show "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Milton I. Shadurupdates and Mary P. Squiers, 2-12 Moore's Federal Practice - Civil § 12.34[1][a]. The current standard requires sufficient facts that "raise the right to relief above the speculative level". Twombly, 550 U.S. at 555. See also Wright & Miller, Federal Practice and Procedure: Civil 3d § 1357. The plausibility standard is not akin to a "probability requirement", but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Twombly, 550 U.S. at 557. The Twombly standard was further developed by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 622, 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 129 S. Ct. at 1950. "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual". Peñalbert-Rosa v. Fortuño-Burset, 631 F. 3d 592, 595 (1st Cir. 2011).

In deciding whether to dismiss under Fed. R. Civ. P. 12(b)(6), the court may consider the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice. See Fed. R. Civ. P. 10(c) (documents

5

attached to pleadings are part of pleadings); Young v. Lepone, 305 F.3d 1, 11 (1st Cir. 2002) (district court was entitled to consider letters that were not attached to complaint when complaint contained extensive excerpts from letters and references to them; when factual allegations of complaint revolved around document whose authenticity is unchallenged, that document effectively merges into the pleadings); and Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017-1018 (5th Cir. 1996) (courts must limit inquiry to facts stated in complaint and documents either attached to or incorporated in complaint; however, courts may also consider matters of which they may take judicial notice).

The court will first rule upon Defendant's contention that dismissal of the *Complaint* is warranted because it is not well pleaded. (*Motion to Dismiss*, Docket No. 6, p. 5) Pursuant to the Twombly and Ashcroft doctrines, the court must determine whether the pleadings of the *Complaint* are plausible. A careful reading of ¶¶ 5-9 of the *Complaint* (Docket No. 1) together with the totality of the record, demonstrate sufficient factual matters that, if accepted as true, "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The essential claim that Defendant's mortgage was not duly recorded and that the debt was discharged is not speculative nor a mechanic recitation of defendant's liability, especially in light of the fact that the documents attached thereto alert that the Registrar had indeed notified defects ("faltas") of the mortgage to the Notary prior to the entry of the discharge order by the court. See Docket No. 1, p. 14, and Lead Case Dockets Nos. 13 & 14. Documents filed at the Property Registry, especially mortgages, often get notified by the Registrar with defects ("faltas") that impede their registration pursuant to Puerto Rico's Mortgage Law. Based on the foregoing, the Court finds that Defendant's contention that the *Complaint* is not well pleaded under Fed. R. Civ. P. 12(b)(6) is unfounded. See Docket No. 28.

Defendant's second contention in its *Motion to Dismiss* is that the *Purchase and Mortgage Deed* was filed prior to the bankruptcy petition but recorded afterwards, activating the relation-back provision under 11 U.S.C.§ 546(b)(1) and the corresponding the Puerto Rico Mortgage Law, 30 L.P.R.A. § 2256. (Docket No. 6, p. 6). To support its contention, Defendant cites In re Soto-Ríos, 420 B.R. 57 (D.P.R. 2009), a case that was later appealed to the District Court for the District of

6

Puerto Rico and the Court of Appeals for the First Circuit[5]. See Soto-Ríos v. BPPR (In re Soto Ríos), 2011 U.S. App. Lexis 23503, 2011 WL 680609 (ruling that mortgagor enjoyed a pre-petition interest in the property when it had presented the deed prior to the bankruptcy petition, although recorded by the Registrar afterwards). The particular facts of this case are inapposite to Soto-Ríos. In the instant case, contrary to Soto-Ríos, the Defendant filed the *Purchase and Mortgage Deed* prior to the bankruptcy petition, but then **voluntarily withdrew it** after the bankruptcy petition upon the Registrar's notification of certain defects that impeded its registration. The withdrawal of that mortgage automatically caused the extinction of the entry. See Luis R. Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, San Juan, Jurídica Editors, 2002, pp. 277-278. See also Roig Commercial Bank v. Torres Dueño, 614 F. Supp. 913 (D.P.R. 1985) (ruling that a mortgage deed that was presented for recording but subsequently withdrawn had no priority or effect over an IRS seizure of property that was registered after the withdrawal of the mortgage, even if the mortgage was re-filed once after the IRS' registration). For this reason, the court denies Defendant's argument that the relation-back provision is applicable to this case. See also the subsequent discussion on this matter regarding Plaintiff's *Motion for Partial Summary Judgment* (Docket No. 11), *infra*.

*(B)     Plaintiffs' Motion for Partial Summary Judgment*

1.      Partial Summary Judgment Standard

Fed. R. Civ. P. 56, applicable to this proceeding through Fed. R. Bankr. P. 7056, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; see also, In re Colarusso, 382 F.3d 51, 58 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law

---

[5] The Court is aware that at the time that Defendant filed its *Motion to Dismiss* (Docket No. 6), the Opinion by the First Circuit had not been issued nor published.

7

is involved." 10A Wright, Miller & Kane, Federal Practice and Procedure: 3d § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970); see also, López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also

Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11.  In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment.  Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987).  See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464.  A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party.  Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made.  López, 938 F.2d at 1517.  The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden.  Adickes, 398 U.S. at 159.

The court is required to view the pleadings in their entirety when passing a request for summary judgment.  10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2722 at 368.  To do so, it may consider affidavits, depositions, admissions, answers to interrogatories and similar material to determine whether or not any of the post-pleading material suggests the existence of any other triable genuine issues of material fact.  Id., § 2721 at 365-366.  For purposes of Fed. R. Civ. P. 56, admissions may include those on file, and those that emerge at the pretrial conference or report, during an oral argument on the motion, and those made in connection with one of the other discovery procedures or have their roots in a joint statement or stipulation.  Id., § 2722 at 375-377; see also L&E Co. v. USA, 351 F.2d 880, 882 (9th Cir. 1965) (admissions emerged from the pretrial report); Spur Bottling Co. v. Canada Dry Gingar Ale, Inc., 98 F. Supp. 972, 978 (D.W.Ark. 1951) (admissions emerged from the pretrial report); U.S. v. Dooley, 424 F. 2d 1067, 1067-1068 (5th Cir. 1970) (admissions by appellant's counsel during oral argument were construed as a concession that the facts were not in dispute for purposes of Fed. R. Civ. P. 56); U.S. Hoffman Mach. Corp. v. Richa, 78 F. Supp. 969, 971-972 (D.C.Mo. 1948).

Fed. R. Civ. P. 56 was extensively rewritten in 2010.  See 10B Wright, Miller & Krane

9

Federal Practice & Procedure: Civil 3d § 2737. Amended subsection (a) of Fed. R. Civ. P. 56 now includes express authority for judgment on less than the entire case denominating it in its subsection title as "Partial Summary Judgment", which allows summary judgment "upon all or any part" of a claim or defense by any party.

In the instant case, upon admission by Defendant of the material facts, summary judgment is warranted.

2.      Property interests

"Property interests are created and defined by state law." Stern v. Marshall, 131 S. Ct. 2594, 2616, 180 L.Ed. 2d 475, 502 (2011), citing Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co., 549 U.S. 443, 451, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007), all quoting Butner v. United States, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L. Ed. 2d 136, 141-142 (1979). The perfection of a security interest in a real property is governed by state law. See Allan N. Resnick and Henry J. Sommes, 5 Collier on Bankruptcy, § 547.06(1) (15th Ed. 2011).

3.      11 U.S.C. § 546(b)

The purpose of Section 546(b)(1) of the Bankruptcy Code is to "protect, in spite of the surprise intervention of a bankruptcy petition, those whom State law protects by allowing them to perfect their liens as of an effective date that is earlier than the date of perfection." Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 546.03[1] (15th Ed. 2009) quoting S. Rep. No. 989, 95th Cong., 2d Sess. 86-87 (1978), reprinted in App. Pt. 4(e)(I); H.R. Rep. No. 595, 95th Cong., 1st Sess. 371-371 (1977) reprinted in App. Pt. 4(d)(i).

Section 546(b)(1) of the Bankruptcy Code exempts from the trustee's avoiding powers under Sections 544, 545 and 549 of the Bankruptcy Code "any generally applicable law that permits the perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation." 11 U.S.C. §§546(b)(1)(A) & 546(b)(1)(B). "Thus, simply stated, if a creditor possesses a prepetition interest in property, and state law establishes a time period for perfection of a lien based upon that interest,

10

the 'lien does not lose its preferred standing by reason of the fact that it [is] not perfected until after the commencement of a bankruptcy' so long as it is perfected within the time period established by state law." Pérez Mujica v. FirstBank, PR (In re Perez Mujica), 457 B.R. 177, 185-186 (Bankr. D.P.R. 2011) citing Lincoln Sav. Bank, FSB v. Suffolk County Treasurer (In re Parr Meadows Racing Ass'n), 880 F. 2d 1540, 1546 (2d Cir. 1989), cert. denied, 493 U.S. 1058, 110 S. Ct. 869, 107 L. Ed. 2d 953 (1990) (quoting Poly Industries, Inc. v. Mozley, 362 F. 2d 453, 457 (9th Cir. 1966)). A creditor must satisfy the following requirements for Section 546(b)(1) to be applicable: (*i*) it must act pursuant to the law of general applicability; (*ii*) the law must permit the creditor to perfect an interest in property; and (*iii*) such perfection must be effective against previously acquired rights in the property. In re 229 Main St., 262 F. 3d at 9. Moreover, the "gist of section 546(b)(1)(A) is that 'the filing of a bankruptcy petition does not prevent the holder of an interest in property from perfecting its interest if, absent the bankruptcy filing, the interest holder could have perfected its interest against an entity acquiring rights in the property before the date of perfection.'" In re 229 Main St., 262 F. 3d at 12 (quoting 5 Collier on Bankruptcy ¶ 546.03[2][a]). In this case, as discussed further, Defendant had no recorded interest in the real property once he withdrew the mortgage from the Property Registry after Plaintiffs had filed for bankruptcy. Compare with Pérez Mujica v. FirstBank, PR (In re Perez Mujica), 457 B.R. at 188-189 (expiration of an entry at the Property Registry due to uncorrected defects of a document presented prior to the mortgage deed, which were notified by the Registrar, impeded the recordation of a subsequent mortgage deed due to lack of successive tract).

4.      Puerto Rico Mortgage Law and Doctrine regarding perfection of liens

        In Puerto Rico, it is well established that for a mortgage lien to be valid and enforceable, it must be executed through a public deed before a notary and be recorded at the Property Registry. See Article 1774 of Puerto Rico's Civil Code, 31 L.P.R.A. § 5042, and Article 188 of the Puerto Rico Mortgage Law, 30 L.P.R.A. § 2607. See also Pérez Mujica v. FirstBank, PR (In re Perez Mujica), 457 B.R. at 187-188 ("[u]nder the laws of Puerto Rico, mortgages are constitutive in nature, meaning that for the same to be validly constituted, the instrument in which it is created must be duly entered and recorded in the Property Registry"); In re Las Colinas, 426 F. 2d 1005, 1016 (1ˢᵗ Cir. 1970)

11

("under Puerto Rican law recording is essential to the validity of a mortgage, one that is not recorded is a nullity"); Rosario Pérez v. Registrador, 15 P.R. Off. Trans. 644, 648 (1984) ("the security of a ... credit does not constitute a real security –mortgage– until it is entered in the [Property] Registry"); and Soto-Ríos v. BPPR (In re Soto-Ríos), 2011 U.S. App. Lexis 23503 at *18, 2011 WL 680609 (1st Cir. P.R. Nov. 23, 2011) ("recording is essential to the validity of a mortgage, and thus, a mortgage must be recorded in order to exist.")

When a document is withdrawn or recalled from the Property Registry before it is recorded, it ultimately entails the voluntary dismissal and extinction of the entry of register. See Derecho Registral Inmobiliario Puertorriqueño at pp. 277-278, and Roig Commercial Bank v. Torres Dueño, 614 F. Supp. at 913 (D.P.R. 1985).

5.      Permanent discharge injunction pursuant to 11 U.S.C §§ 524 and 727

In Chapter 7, the debtor, if an individual, is entitled to a discharge of personal liability on pre-bankruptcy debts. See William D. Warren & Daniel J. Bussel, Bankruptcy, Foundation Press, 8th Ed., 2009, p. 129. The discharge is one of the fundamental *in rem* functions of the bankruptcy courts. See Central Virginia Community College v. Katz, 546 U.S. 356, 363-364, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006). A bankruptcy court's discharge order provides the debtor with a financial "fresh start" by "releas[ing] [the] debtor from personal liability with respect to any discharged debt." Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 447, 124 S. Ct. 1905, 158 L. Ed. 2d 764 (2004). "The discharge injunction that arises upon the entry of a discharge order is perhaps the most important feature of the discharge." Fla. Dep't of Revenue v. Díaz (In re Díaz), 647 F. 3d 1073, 1087 (11th Cir. 2011). That injunction helps to ensure that the debtor's "fresh start" is realized by prohibiting creditors from attempting to collect discharged debts. See In re Jet Fla. Sys., Inc., 883 F.2d 970, 972 (11th Cir. 1989) as cited in Fla. Dep't of Revenue v. Díaz (In re Díaz), 647 F. 3d at 1085.

Section 727(a) of the Bankruptcy Code, provides for the grant of a discharge to debtors; Section 727(b) declares that the effect of a discharge is to free the debtor from all debts that arose before bankruptcy. 11 U.S.C. §§ 727(a) and (b). Likewise, under 11 U.S.C. § 524(a)(2), a discharge

12

from bankruptcy operates as an injunction against *in personam* claims against a debtor. Parker v. Handy (In re Handy), 624 F. 3d 19, 20-21 (1st Cir. 2010). Section 524(a) ensures that the discharge will be completely effective and will operate as an injunction against the commencement or continuation of an action or the employment of process to collect or recover a debt as a personal liability of the debtor. 11 U.S.C. § 524(a) Thus, it protects the debtor from a subsequent suit in a state court, or any other act to collect, by a creditor whose claim had been discharged. Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy, § 524.02 (15th Ed. 2011). To ensure the foregoing, Section 524(a)(1) of the Bankruptcy Code provides that any judgment at any time obtained on a debt that is discharged is void as a determination of the debtor's personal liability. 11 U.S.C. § 524(a)(1).

Upon Defendant's admissions made by its counsel during the argumentative hearing held on November 22, 2011, partial summary judgment is warranted pursuant to Fed. R. Civ. P. 56 because there is no dispute whatsoever as to the material facts. The *Purchase and Mortgage Deed* was **voluntarily withdrawn** from the Property Registry on October 18, 1999, that is, about two months after the bankruptcy petition was filed. The discharge order in this case was entered on February 11, 2000. Thus, when the discharge order was entered, Defendant had not filed before the Property Registry a validly constituted mortgage. Consequently, pursuant to 11 U.S.C. §§ 524(a)(1) & 727, the Defendant was automatically enjoined to re-file the mortgage and file two foreclosure proceedings after the discharge. To that extent, the court finds that Defendant willfully violated the discharge injunction when it re-filed the *Purchase and Mortgage Deed* on June 26, 2001 at the Property Registry and when it initiated two separate foreclosure proceedings against Plaintiffs.

Conclusion

In view of the foregoing, Defendant's *Motion to Dismiss* pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 6) is denied and Plaintiffs' *Motion for Partial Summary Judgment* for violation of the discharge injunction (Docket No. 11) is granted.

Partial judgment shall be entered accordingly.

13

SO ORDERED.

In San Juan, Puerto Rico, this 27th day of December, 2011.

Enrique S. Lamoutte
United States Bankruptcy Court

14