IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 99-10119 ESL |
| | | |
| SANTOS SURITA ACOSTA | * | CHAPTER 7 |
| CARMEN CRUZ SILVA | | |
|    DEBTOR | * | |
| SANTOS SURITA ACOSTA | * | Civil Action for Violation |
| CARMEN G CRUZ SILVA | |  Of Discharge |
|    PLAINTIFF | * |  ADVERSARY 11-00146 ESL |
|     VS. | * | |
| REPARTO SAMAN, INC | * | |
| | | |
|    DEFENDANTS | * | |

**PROPOSED FINDINGS OF FACTS**

**TO THE HONORABLE COURT:**

    Now comes plaintiff through the undersigned attorney and very respectfully submit the following proposed finding of facts:

    This is a request for entry of Partial Summary Judgment in favor of plaintiff Pursuant Rule 7056 of the Rules of Bankruptcy Procedure.

    1. The facts of this case are as follows:

    A) Debtor filed a bankruptcy petition under chapter 7 on August 2, 2009.   Debtors obtained a discharge on February 8, 2000.

    B) Debtors are the owner of the following real property:

"Urbana: Solar identificado con el número diecisiete (17) del Bloque "Q" en el plano de inscripción de Reparto Samán, radicado en el Barrio Llanos Costa del término municipal de Cabo Rojo, con una cabida superficial de seiscientos metros cuadrados (600.00 metros cuadrados), Colinda por el Norte, en quince 15.00 metros lineales con la calle diez (10.0 ) por el Este, enc cuarenta metros lineales con el solar número 19.0 del bloque "Q" en el plano de inscripción ' y

por el Oeste, en cuarenta (40.0) metros lineales con el solar número diecisies (16) del bloque Q en el plano de inscripción". Dicha propiedad se encuentra inscrita al Folio 52 del Tomo 818, Finca 19452."

  C. Defendant Reparto Samán, Inc. was included as a creditor in this case. This debt was realted to a mortgage loan that was supposed to be guaranteed by the above mentioned property.

 2. The mortgage in question was constituted by plaintiffs by deed number 08 before Notary Susan Baez Dixon on May 13, 1996 and presented to the Registry of Puerto Rico, San Germán Section on October 7, 1998. However, on August 20, 1999 defendant Reparto Samán was notified that the same was defective. On October 18, 1000 said mortgage deed was withdrawn from the Registry of the Property. (See the attached certification-Exhibit A).

 3. On September 17, 1999 plaintiff's amended schedule D to clarify that the mortgage in question was defective. (See amended Schedule D. Exhibit B)

 4. On June 26, 2001 defendant again presented the mortgage deed in question to the Registry of the Property. This was done after the filing of the case and after the discharge order was entered in favor of plaintiffs.

 5. On March 29, 2000 Reparto Samán, Inc. filed a mortgage foreclosure proceeding before the District Court of Puerto Rico, Cabo Rojo Section. (See the attached complaint). Exhibit C).

 6. Said complaint was dismissed on June 12, 2000. (See the attached judgement) Exhibit d.

 7. We should not that said complaint had been filed before the mortgage deed was presented for the second time as stated in paragraph (5).

 8. On January 23, 2008 defendant Reparto Saman, Inc. again filed a mortgage foreclosure proceeding before the Cabo Rojo, District Court. (See exhibit E).

9. The damages suffered by plaintiffs are described as follows:

A) They have been continuously harassed by defendant since March 29, 2001 when a complaint was filed to foreclose their property.

B) They have to hire a lawyer for the mortgage foreclosure proceeding, spending $800.00 in fees.

C) They had to meet with their lawyer in about 10 different occasions.

D) They have visited their attorney in the present case in more than 15 occasions.

E) They have been summoned in two different occasions with mortgage foreclosure proceedings.

F) They have been subject to the humiliation of the possible loss of their house for several years.

G) Plaintiff Surita has suffered mental damages that have rendered him unable to work and in need of professional help.

H) They have not been able to pay for their electric service and have had to move to a house loaned by friends in Mayaguez.

I) Their family life has been negatively affected.

J) They are unable to pay for their fees and expenses owed to their attorney in this case.

K) The damages to debtors have continued because despite the fact that judgement was entered in favor of plaintiffs defendant has not withdrawn its illegal mortgage form the Registry of the Property.

NOTICE: Wigberto Lugo Mender, chapter 7 trustee and Attorney Luis Roberto Santos representing Reparto Samán are hereby notified that if no objection is filed within 20 days of this Notice, this Honorable Court may enter an order granting the partial summary judgement be

entered in favor of defendants.

**WHEREFORE,** it is respectfully requested from this Honorable Court that an order granting plaintiffs motion for summary judgement be entered.

**CERTIFICATE OF SERVICE**: **I HEREBY CERTIFY**: That on June 20, 2012 we electronically filed the foregoing using the CM/ECF system. Notice of this filing will be sent electronically though the CM/ECF System toWigberto Lugo Mender, Chapter 7 Trustee, US Trustee and to Reparto Samán, C/0 Lic. Luis Roberto Santos Montalvo,PO Box 1809, Mayaguez, PR. 00681-1809 and Attorney Myrta e. Nieves Blas, Attorney for Reparto Samán.

In Mayaguez, Puerto Rico, this 20th day of June, 2012.

/s/Alberto O. Lozada Colón

**ALBERTO O. LOZADA COLON**
**USDCPR 123811**
**PO BOX 430**
**MAYAGUEZ, P R 00681**
**TEL 787-833-6323**
**FAX 787-833-7725**