### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 99-10119 ESL |
| SANTOS SURITA ACOSTA<br>CARMEN CRUZ SILVA | ) | ADV. 11-0146<br>CHAPTER 7 |
| DEBTOR | ) | Civil Action for Violation<br>Of Discharge |
| | ) | |
| SANTOS SURITA ACOSTA<br>CARMEN G. CRUZ SILVA | ) | |
| PLAINTIFF | ) | |
| Vs. | ) | |
| REPARTO SAMAN, INC.<br>_____ | ) | |

### DEFENDANT'S REPLY TO ORDER TO SHOW CAUSE

TO THE HONORABLE COURT:

    Comes now Reparto Samán, Inc. through its undersigned counsel and very respectfully states and prays as follows:

1) On June 7th, 2012, this Honorable Court ordered both parties in the present case to show cause on why sanctions should not be imposed for their failure to file proposed findings of facts ordered by this Honorable Court.

2) Defendant has been awaiting Plaintiff'sproposed findings in order to Defend itself against damabges alleged by the Plaintiff.

3) If well Plaintiff has sent a mailed communication to Defendant, it was a stipulation offer, not a request to meet to stipulate uncontested matters of facts.

4) On this date, June 21st, 2012, Defendant filed it's proposed findings of facts based on Debtor's unequitable windfall by which Debtors a $36,505.00 discharge

based on allegations of a secured interest of that sum over the real property in Cabo Rojo, Puerto Rico.

5) Defendants understand that this windfall more than makes up for Debtor;s alleged damages.

6) Once the present case is finished, and upon a final judgment, Defendant is more than willing to cancel the mortgage Debtor's property, but that is, once there is a finality to the case, as Defendant does not intend, but has the right to appeal the judgment to the Bankruptcy Appellate Panel of the First Circuit or the District Court.

7) Since the present adversary proceeding was filed and served, Defendant has not attempted to collect on Plaintiff's debt, yet it awaits the finality of the case in order to hand over to Plaintiff the mortgage note to Debtor for cancellation purposes, leaving Debtor with a $36,505.00 windfall due to Plaintiff's discharge via Bankruptcy Proceedings.

8) Defendant requests that a brief, and no longer than 60 day discovery period be granted in order for Defendant to investigate Plaintiff's alleged damages. Said discovery period should be granted in order to ensure that Defendant's due process is observed , and should include, but not limited to medical/psychological evaluations, administrative records from federal and state administrative agencies and financial information.

9) The evidence requested in the prior paragraph will be requested via an interrogatory, request for production of documents and other mechanisms prescribed by the Federal Rules of Civil procedure, applicable to the present case by the Federal Rules of Bankruptcy Procedure, and are relevant to the present case under Rule 401 of the Federal Rules of Civil Procedure.

Wherefore, it is respectfully requested that this Honorable Court accept Defendant's reply to this Honorable Court's order to show cause.

You are hearby given notice that unless this motion is replied to within 20 days of notification, it may be deemed granted without the further need of a hearing.

**I HEREBY CERTIFY** that copy of foregoing motion has been mailed to I electronically filed the foregoing to motion with the Clerk of the court using the CM/ECF system which will send notification of filling to the following**: Alberto Lozada Colon, PO Box 430, Mayaguez, PR, 00681, Wigberto Lugo Mender, esq; and US Trustee's office.**

In Mayagüez, Puerto Rico, this 21st day of June, 2012.

*SANTOS & NIEVES BLAS*

s/Luis R Santos Baez (229110)
Counsel for Reparto Saman Inc.
P.O. Box 1809
Mayagüez, Puerto Rico 00681
Tel. 787-833-5466
Fax. 787-834-7631