IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                        :        CASE NO. 99-10119 (ESL)
                                              :
SANTOS SURITA ACOSTA                          :
CARMEN CRUZ SILVA                             :        CHAPTER 7
                                              :
        Debtors                               :
-------------------------------------------------:
                                              :        ADVERSARY NO. 11-00146 (ESL)
SANTOS SURITA ACOSTA                          :
CARMEN CRUZ SILVA                             :
        Plaintiffs                            :
                                              :
        vs.                                   :
                                              :
REPARTO SAMAN INC.                            :
        Defendant                             :
_____     :

OPINION AND ORDER

        This case is before the court upon the Plaintiffs' *Motion Requesting Reconsideration of Judgment Dismissing Case* (the "*Motion for Reconsideration*", Docket No. 82) and the Defendant's *Opposition* thereto (Docket No. 84).  The Plaintiffs seek to vacate and set aside the *Judgment* dismissing the instant adversary proceeding for failure to prosecute (Docket No. 79), alleging that their counsel had unsuccessfully attempted to reach Defendant's attorney on several occasions to procure a settlement of the instant case and/or coordinate the discovery.  The Defendant sustains that no agreement was ever reached and that the Plaintiffs failed to provide the initial mandatory disclosures.  For the reasons stated below, the Plaintiffs' *Motion for Reconsideration* is hereby denied.

Procedural Background

        The Plaintiffs filed a voluntary Chapter 7 bankruptcy petition on August 2, 1999 (Lead Case Docket No. 1).  In *Schedule A*, they listed one real property located at Reparto Saman, Street No. 10, Lot Q-17, Cabo Rojo, Puerto Rico (the "Real Property") (Lead Case Docket No. 1, p. 5).  In *Schedule D*, they listed the Defendant as their only secured creditor (Lead Case Docket No. 1, p. 9).

        On September 17, 1999, the Plaintiffs filed an *Amended Schedule D*, in which they clarified that the registration of "first mortgage on debtors [*sic*] house [referring to the Real Property] ... is pending before the [Property Registry]" and that "the validity of this mortgage depends upon

compliance of creditor [with] certain requirements" (Lead Case Docket No. 5, p. 2).

On December 21, 1999, the Chapter 7 Trustee (the "Trustee") filed a *Notice of Abandonment* for the Real Property stating that it had no value or is burdensome to the estate (Lead Case Docket No. 8) and also on that same date filed a *Report of No Distribution* (Lead Case Docket No. 9).  No objections were filed.  The Trustee listed the Real Property as secured in the amount of $36,505 and determined that this was a no-asset case (*Notice of Abandonment*, Lead Case Docket No. 8).

On February 11, 2000, the court entered the *Discharge of Debtors* and the *Order Discharging Trustee and Closing Case* (Lead Case Dockets Nos. 13 and 14).

On August 28, 2008, the Plaintiffs filed a *Motion to Reopen Chapter 7 Case* (Lead Case Docket No. 17), which was initially granted on September 28, 2008 (Lead Case Docket No. 19) but later re-closed on February 13, 2009 for lack of prosecution (Lead Case Docket No. 21).  On June 23, 2011, the Plaintiffs again moved to reopen the case (Lead Case Docket No. 25), and on July 8, 2011 said request was granted (Lead Case Docket No. 29).

On July 12, 2011, the Plaintiffs filed the instant adversary proceeding for violation of the discharge injunction pursuant to 11 U.S.C. § 727(b), claiming that the Defendant had filed, recorded and registered a mortgage deed after the filing of this bankruptcy case and had also initiated foreclosure proceedings against the Plaintiffs in violation of the discharge injunction.

On August 1, 2011, the Defendant filed a *Motion to Dismiss* (Docket No. 6) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted under 11 U.S.C. §§ 546, 362(b)(3) and 546(b)(1).  On August 31, 2011, the Plaintiffs moved for partial summary judgment on the Defendant's alleged violation of the permanent discharge injunction[1] pursuant to 11 U.S.C. § 727 (Docket No. 11).  The Plaintiffs also filed on that same date an *Opposition* to the Defendant's *Motion to Dismiss* (Docket No. 12) arguing that the mortgage had been withdrawn on October 18,

---

[1] The Plaintiffs requested that partial summary judgment be entered upon the Defendant's alleged violation of the discharge and that the determination of actual and punitive damages be made at a later stage of the case. See Docket No. 11, p. 3, ¶¶ 13-14.

1999, which makes Puerto Rico's Mortgage Law's relation-back provision[2] inapplicable and therefore, the mortgage on the Real Property was not properly constituted at the time of the Plaintiffs' discharge.

On October 10, 2011, the Defendants filed a *Sur-reply* (Docket No. 20) arguing that the *Complaint* was not well-pleaded. The Defendant did not address or contested the Plaintiffs' allegation that the mortgage had been withdrawn from the Property Registry during the Plaintiffs' bankruptcy proceeding.

After due notice to all interested parties, including the Trustee, a pre-trial and argumentative hearing was initially set for November 21, 2011 but later rescheduled for November 22, 2011. See Docket Nos. 3, 4, 21, 22, 23, 24, 27 and 29. After hearing the parties' arguments, the court denied the Defendant's *Motion to Dismiss*, granted the Plaintiffs' *Motion for Partial Summary Judgment* and ruled that a hearing on the damages would be scheduled. See Docket Nos. 27 (*Minute Entry*) and 42 (*Transcript*). An *Opinion and Order*[3] and *Partial Summary Judgment* to that effect were entered on December 27, 2011 (Docket Nos. 37 and 38).

On December 2, 2011, the court entered an *Order and Notice* (Docket No. 31) scheduling an evidentiary hearing on damages for February 21, 2012 at 2:00 p.m. and ordering the parties to file 10 days prior to the hearing proposed findings of fact, including a detail of the damages being requested, with specific reference to witnesses and/or documents, which were ordered to be attached.

On February 15, 2012, the Plaintiffs filed a *Motion Requesting Continuance of Valuation Hearing* (Docket No. 43) alleging that they had made an offer in writing to the Defendant, who needed 30 days to reply to the same, and that due to technical difficulties, they had not been able to timely file their proposed findings of fact and attach their documentary evidence. On February 16, 2012, the court granted the Plaintiffs' *Motion Requesting Continuance of Valuation Hearing* and ordered the Plaintiffs to move the court within 30 days. See Docket No. 44.

On March 20, 2012, the Plaintiffs filed a *Motion Requesting Hearing to Determine Damages*

---

[2] See Article 53 of Puerto Rico's Mortgage Law, 30 L.P.R.A. § 2256.

[3] The *Opinion and Order* was published at 464 B.R. 86 (Bankr. D.P.R. 2011).

(Docket No. 47) informing that their counsel had tried to reach an agreement with the Defendant but the same had not been possible and that they would proceed to file 10 days prior to the hearing their proposed findings of fact. They also requested the court to reschedule an evidentiary hearing on damages.  On March 21, 2012, the court entered a second *Order and Notice* (Docket No. 48) scheduling an evidentiary hearing on damages for June 12, 2012 and ordering the parties to file proposed findings of fact, including a detail of the damages being requested, with specific reference to witnesses and/or documents, which were ordered to be attached.

Because the Plaintiffs and the Defendant failed to file their proposed findings of fact, on June 7, 2012, the court entered an *Order* continuing the hearing without a date and ordering the parties to show cause within 14 days as to why sanctions should not be imposed for failure to prosecute to comply with this court's order by failing to file the proposed findings of fact. See Docket No. 51. The *Order* also forewarned that the sanctions may include a finding that the Plaintiffs have waived their claim for damages. Id., p. 2.

On June 20, 2012, the Plaintiffs filed their *Proposed Findings of Fact* (Docket No. 53).  They did not attach any document nor made references to any witness.

On June 21, 2012, the Plaintiffs filed an *Answer to Order to Show Cause* (Docket No. 54) averring that they had prepared their proposed findings of fact since February 22, 2012, that on that date their attorney mailed a letter to Defendant's counsel to meet in order to prepare and file a joint document, and that they had made previous attempts to contact him for this purpose on several prior occasions to no avail.  Plaintiffs' counsel also acknowledged that they should have informed these facts to the court sooner.  Id., p. 2, ¶ 7.  On that same date, the Defendant filed its *Proposed Statement of Uncontested Material Facts* (Docket No. 55).  Like the Plaintiffs, the Defendant did not attach any document nor made any reference to a proposed document or witness.  Likewise, also on June 21, 2012, the Defendant filed a *Reply to Order to Show Cause* (Docket No. 56) contending that it had been awaiting for Plaintiffs' proposed findings in order to defend itself against the damages that they claim, that the Plaintiffs made a written offer to settle, not to meet to stipulate uncontested facts, and that it is willing to cancel the mortgage on Plaintiffs' Real Property once the instant case is finished.  The Defendant also requested a 60 day discovery period in order to

investigate the Plaintiffs' alleged damages through interrogatories, request for production of documents and other discovery mechanisms. Id., p. 2, ¶¶ 8-9.

On July 2, 2012, the court entered a third *Order and Notice* (Docket No. 57) scheduling an evidentiary hearing on damages for October 2, 2012 and ordering the parties to file 10 days prior to the hearing proposed findings of fact, including a detail of the damages being requested, with specific reference to witnesses and/or documents, which were ordered to be attached.

At the October 2, 2012 hearing, the Defendant moved the court to exclude the Plaintiffs' testimonies as they were never disclosed as witnesses under Fed. R. Civ. P. 26[4], which the court granted. In addition, the court ruled that the Plaintiffs failed to comply with the *Order and Notice* entered on December 2, 2011 (Docket No. 31) and with LBR[5] 7026-1 regarding the disclosure of evidence. Thus, the court continued the evidentiary hearing without a date and ordered the Plaintiffs to comply with the mandatory disclosures and move the court informing the status of the case within 90 days. See Docket Nos. 65 and 67.

Because neither party moved the court within the time established by the court or informed it of discovery or settlement negotiations, on January 24, 2013, an *Order* was entered (Docket No. 73) for the Plaintiff to show cause within 21 days why the instant adversary proceeding should not be dismissed for failure to prosecute.

On February 11, 2013, the Plaintiffs filed an *Answer to Order to Show Cause* (Docket No. 75) claiming that their counsel had on several occasions tried to communicate with Defendant's attorney to try and reach an agreement or comply with LBR 7026-1, but received no reply whatsoever. They also informed that they did not intend to use discovery in this case, amend the pleadings or mediate it. In addition, they disclosed that they would not present documentary evidence to prove their damages (except for the certification of the Real Property from Puerto Rico's Property Registry).

---

[4] Fed. R. Civ. P. 26 is applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9026.

[5] References to the Local Bankruptcy Rules (LBR) in this *Opinion and Order* are to the ones adopted on September 14, 2007, which governed the proceedings at the time of the events, not the ones adopted on May 2, 2013.

On February 20, 2013, the court entered a fourth *Order and Notice* (Docket No. 76) scheduling a hearing for April 30, 2013 to consider the *Order to Show Cause* for Plaintiffs' failure to prosecute (Docket No. 73) and Plaintiffs' *Answer* thereto (Docket No. 75). The court also ordered the parties once again to file proposed findings of fact with specific reference to witnesses and/or documents 7 days prior to the hearing.

On March 26, 2013, the court entered an *Order* (Docket No. 78) ruling that "[i]n spite of the time that has elapsed, Plaintiffs have failed to comply with this court's order. Such continuous disregard for this court's order warrant[s] the dismissal of the adversary proceeding for failure to prosecute". On May 1, 2013, the court entered a *Judgment* dismissing the instant adversary proceeding (Docket No. 79) for the reasons stated in the *Order* issued on March 26, 2013 (Docket No. 78).

On May 10, 2013, the Plaintiffs filed their *Motion for Reconsideration* (Docket No. 82) seeking the *Order* and *Judgment* (Docket Nos. 78 and 79) to be vacated and set aside alleging in essence that they were trying to reach a settlement with the Defendant but were unable to prior to the dismissal of the case. The evidence submitted by the Plaintiffs to support their allegations that their attorney tried to contact the Defendants' counsel were letters dated April 8, 23 and 30, 2013 (Docket No. 82-1, pp. 1-6).

On June 4, 2013, the Defendant filed an *Opposition to Motion for Reconsideration* (Docket No. 84) contending that there was no need to meet with Plaintiffs' counsel because Fed. R. Civ. P. 26 is mandatory, automatic and does not require a discovery request. It also avers that the letters attached to the *Motion for Reconsideration* (Docket No. 82-1, pp. 1-6) are all post-dismissal and were made to "coerce [Defendant] into filing a stipulation in a case already dismissed" (Docket No. 84, p. 2). Furthermore, it contends that no agreement had ever been reached, contrary to the representations made by Plaintiffs' counsel.

## Applicable Law and Analysis

*(A)    Motions for Reconsideration*

Motions for reconsideration are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure *in haec verba*. See Jimenez v. Rodriguez (In re

Rodriguez), 233 B.R. 212, 218-219 (Bankr. D.P.R. 1999), aff'd 17 Fed. Appx. 5 (1st Cir. 2001); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), cert. denied 510 U.S. 859 (1993), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994); Perez Mujica v. FirstBank P.R. (In re Perez Mujica), 470 B.R. 251, 253 (Bankr. D.P.R. 2012), aff'd 2013 U.S. Dist. LEXIS 51698, 2013 WL 1408766 (D.P.R. 2013).  Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief from judgment or order under Fed. R. Civ. P. 60(b).  See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. Pro. 59(e) or 60(b)); Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial), 152 B.R. 786, 788 (D. Mass. 1993). "These two rules are distinct; they serve different purposes and produce different consequences.  Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen][6] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." Van Skiver, 952 F.2d at 1243.  "The substance of the motion, not the nomenclature used or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. 109, 113 (Bankr. D.P.R. 2012). Also see 11 Wright, Miller & Krane, Federal Practice and Procedure § 2817, p. 238 (2012) ("courts look beyond the form of the motion to the substance of the requested relief").

The Plaintiffs in the instant case did not denominate either Fed. R. Civ. P. 59 or Fed. R. Civ. 60 as the springboard to their *Motion for Reconsideration*.  Although typically the application of either rule essentially depends on the time the motion is served, the substance of the motion is controlling. See In re Lozada Rivera, 470 B.R. at 113.  Because the Plaintiffs expressly requested to "vacate[] and set aside" the *Judgment* dismissing the instant case (Docket No. 82, p. 1, ¶ 2), the court will entertain their reconsideration under the scope of Fed. R. Civ. P. 60(b)(1), made applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9024.

---

[6] See the most recently amended version of Fed. R. Bankr. P. 9023.

7

*(B)     Fed. R. Civ. P. 60(b)(1) Standard*

Fed. R. Civ. P. 60(b) seeks to balance the interest in the stability of judgments and orders with the interest in seeing they do not become instruments of oppression and fraud. See Alan N. Resnick and Henry J. Sommer, 10 Collier on Bankruptcy ¶ 9024.03 (16th ed. 2013). Hence, "the court may relieve a party ... from a final judgment, order, or proceedings for ... mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993), the Supreme Court ruled that the determination of what constitutes "excusable neglect" is an equitable one, taking into consideration the following factors: (1) the length of the delay and its potential impact on judicial proceedings; (2) the reason for the delay, including whether it was within the reasonable control of the movant; (3) whether the movant acted in good faith; and (4) whether granting the relief will prejudice the opposing party. The Supreme Court concluded that "excusable neglect" is a flexible concept that is not limited to circumstances beyond the control of the movant. Id. at 388. Prior to the Supreme Court's decision in Pioneer, the First Circuit had ruled that Fed. R. Civ. P. 60(b) was a vehicle for extraordinary relief, and that motions invoking the rule should only be granted under exceptional circumstances. See Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986). Subsequently, in Pratt v. Philbook, 109 F.3d 18 (1st Cir. 1997), the First Circuit incorporated the Pioneer doctrine and has sustained it ever since. See United States v. Union Bank for Sav. & Inv.(Jordan), 487 F.3d 8, 24 (1st Cir. 2007); Aja v. Fitzgerald (In re Aja), 441 B.R. 173, 177 (B.A.P. 1st Cir. 2011) (upholding the Pioneer test). The most important factor in this test is the reason for the delay, which requires a statement of the reasons and a satisfactory explanation for the delay. See Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 6 (1st Cir. 2001); EnvisioNet Computer Servs., Inc. v. ECS Funding LLC, 288 B.R. 163, 166 (D.Me. 2002). No "excusable neglect" can be determined in the absence of unique or extraordinary circumstances. Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009); Haddock-Rivera v. ASUME, 486 B.R. 574, 578 (B.A.P. 1st Cir. 2013), citing Morse v. Earle (In re Earle), 2008 Bankr. LEXIS 3961, 2008 WL 8664763 (B.A.P. 1st Cir. 2008). The trial court has wide discretion to determine the existence of neglect or lack thereof and whether it was excusable or not. See Graphic

Communs. Int'l Union, Local 12-N , 270 F.3d at 6-7; $23,000 in U.S. Currency, 356 F. 3d at 165 ("[Trial] courts enjoy considerable discretion in deciding motions brought under Civil Rule 60(b)"); In re Shepherds Hill Development Co., 316 B.R. 406, 418 (B.A.P. 1st Cir. 2004).

*(C)      Failure to Prosecute under Fed. R. Civ. P. 41(b)*

Because the instant case was dismissed for the Plaintiffs' failure to prosecute (Docket Nos. 78 and 79), the court will weigh such factor in the Fed. R. Civ. P. 60(b)(1) balance.  See Kaersher v. Trustees of Health Hospital of City of Boston, Inc., 834 F.2d 31, 34 (1st Cir. 1987) (failure to prosecute a case was not found "excusable neglect" under Fed. R. Civ. P. 60(b)(1) where the case had in fact been dismissed and reopened on two prior occasions); Mariani-Giron v. Acevedo-Ruiz, 945 F.2d 1, 3 (1st Cir. 1991); Pagan v. American Airlines, Inc., 534 F.2d 990, 991-993 (1st Cir. 1976) (failure to respond to court's order); Davila-Alvares v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 64 (1st Cir. 2001).  "[R]outine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect".  Negron v. Celebrity Cruises, Inc., 316 F.3d 60, 62 (1st Cir. 2003).  "Failure to comply with court's orders and deadlines ... is not excusable [neglect].  Inadvertent conduct is not automatically a mistake or excusable neglect sufficient to justify relief from judgment under [Fed. R. Civ. P. 60(b)(1)]".  Lopez Ithier v. Cadilla Inc., 199 F.R.D. 39, 49 (D.P.R. 2001), citing 10 James WM. Moore, *et al.*, Moore's Fedeeral Practice, §§ 60.41 *et seq*. (3rd ed.1999).  Also see 11 Wright, Miller & Krane, Federal Practice and Procedure § 2858, p. 370 (2012).

Fed. R. Civ. P. 41(b), applicable to bankruptcy proceedings through Fed. Bankr. P. 7041, mandates as follows:

> Involuntary Dismissal; Effect.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Although Fed. R. Civ. P. 41(b) does not explicitly provide for a court's *sua sponte* dismissal, its language is broad enough to authorize such dismissals on the same basis as it authorizes dismissals upon motion of a defendant.  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-632

(1962); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341 (3rd Cir. 1982). Thus, a trial court "may dismiss a case *sua sponte* for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002). Also see Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003).

Fed. R. Civ. P. 41(b) "is intended as a safeguard against delay in litigation and harassment of a defendant." 9 Wright, Miller & Krane, Federal Practice and Procedure § 2370, p. 370 (3rd ed. 2013). Although dismissal under Fed. R. Civ. P. 41(b) is harsh sanction, a court must look not just to the impact of its decision on administration of justice in a particular case, "but to all cases in courthouse... The sanction [of dismissal] is necessary if thousands of other litigants are to have their day in court, and if rules and directions of court are ever to be followed." Quagliano v United States, 293 F.Supp. 670, 672 (S.D.N.Y. 1968). Thus, Fed. R. Civ. P. 41(b) "serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in dilatory behavior." Washington v Walker, 734 F.2d 1237, 1239 (7th Cir. 1984). Also see Nealey v Transportacion Maritima Mexicana, S.A. 662 F.2d 1275, 1279 (9th Cir. 1980) (Fed. R. Civ. P. 41(b) is in large part a housekeeping measure related to the efficient administration of judicial business for the benefit of all litigants with cases pending).

The trial court has wide discretion to dismiss for lack of prosecution under Fed. R. Civ. P. 41(b). Glo Co. v. Murchison & Co., 397 F.2d 928, 929 (3rd Cir. 1967), cert. denied 393 U.S. 939 (1968). "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." Nevijel v North Coast Life Ins. Co., 651 F2d 671, 674 (9th Cir. 1981). Also see Vazquez-Rijos v. Anhang, 654 F.3d 122, 130 (1st Cir. 2011) ("[a]lthough the district court should, before dismissing a case, consider whether lesser sanctions might be a punishment more suitable to the plaintiff's conduct, it need not do so explicitly"). Dismissal for lack of prosecution is appropriate even absent consideration of lesser sanctions where the plaintiff has engaged in "extreme conduct", such as knowing disobedience of a court order. See Roman v. Carrion (In re Rodriguez Gonzalez), 396 B.R. 790, 798 (B.A.P. 1st Cir. 2008), citing Rivera Diaz v. American Airlines, Inc., 433 F.3d 120, 123 (1st Cir. 2005) (explaining that appellant challenging dismissal for disobedience of court order is confronted with a "heavy burden"). Also

10

see Torres-Alamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) (concluding that the trial court did not abuse its discretion in dismissing claims where appellant disregarded the court's previous order to show cause why claims should not be dismissed); Enlace Mercantil Internacional, Inc. v. Senior Industries, Inc., 848 F.2d 315, 317 (1st Cir. 1988) (dismissal for want of prosecution is appropriate when the plaintiff's misconduct has been "extreme"). "[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). Defiance of court orders and ignoring previous warnings made by the court are also examples of extreme misconduct. Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 5 (1st Cir. 2002), citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987); Roman-Samot v. Pontifical Catholic Univ., 831 F. Supp. 2d 556, 558 (D.P.R. 2011). Prior notice is nevertheless an indispensable consideration in considering a Fed. R. Civ. P. 41(b) determination of dismissal for lack of prosecution. See Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005) (" a party flouts a court order at his peril."); Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996) ("[c]ounsel's disregard of a prior warning from the court exacerbates the offense"); Roman-Samot v. Pontifical Catholic Univ., 831 F. Supp. 2d at 559 ("plaintiff's pattern of noncompliance leaves th[e] court with no choice but to follow-up on its warning, and impose the harshest of sanctions upon him"). "In the face of the repeated and flagrant abuses in this record, the [trial] court [is] well within its discretion in choosing to dismiss the case after ... years of patience and the failure of alternative approaches." Vazquez-Rijos v. Anhang, 654 F.3d at 130.

Since the *Opinion and Order* and *Partial Summary Judgment* (Docket Nos. 37 and 38) were entered on December 2 and 27, 2011, respectively, the court scheduled evidentiary hearings on the alleged damages on four separate instances. The first *Order and Notice* was entered on December 2, 2011 and scheduled an evidentiary hearing for February 21, 2012 (Docket No. 31). The court also instructed as follows: "Ten (10) days prior to the hearing parties shall file proposed findings of fact, including a detail of the damages being requested. Each proposed finding of fact shall make reference to a witness or a document. The referenced document will be attached as an exhibit." Id. Instead of timely filing the proposed findings of fact, 6 days prior to the hearing, the Plaintiffs informed that they had made an offer in writing to the Defendant and requested that the evidentiary

hearing be continued.  See the Plaintiffs' *Motion Requesting Continuance of Valuation Hearing* (Docket No. 43).  Despite its untimeliness, the court granted the Plaintiffs' request and ordered the Plaintiffs to move the court on or before February 19, 2012.  See Docket No. 44.  About a month later, on March 20, 2012, the Plaintiffs filed a *Motion Requesting Hearing to Determine Damages* (Docket No. 47).  Despite its untimeliness, on March 21, 2012, the court granted such request and scheduled for a second time an evidentiary hearing for June 12, 2012 (Docket No. 48).  The court once again ordered the parties as follows: "Ten (10) days prior to the hearing parties shall file proposed findings of fact, including a detail of the damages being requested.  Each proposed finding of fact shall make reference to a witness or a document.  The referenced document will be attached as an exhibit."  Id.  The Plaintiffs, the movants of the instant *Complaint*, did not comply, which moved the court to enter an *Order* on June 7, 2012 for them to show cause why sanctions should not be imposed for failure to comply with this court's orders within 14 days (Docket No. 51).  On June 20, 2012, the Plaintiffs filed their *Proposed Findings of Fact* (Docket No. 53) without making reference to a single document or witness, as was ordered by the court on two separate occasions (Docket Nos. 31 and 48).  Upon the Plaintiffs' *Answer to Order to Show Cause* (Docket No. 54), the court scheduled the evidentiary hearing for a third time for October 2, 2012 (Docket No. 57) and once more ordered the parties as follows: "Ten (10) days prior to the hearing the parties shall file proposed findings of fact, including a detail of the damages being requested.  Each proposed finding of fact shall make reference to a witness or a document.  The referenced documents will be attached as an exhibit."  The Plaintiffs did not comply with that third order, and thus at the hearing held on October 2, 2012, the court continued the hearing without a date.  See Docket Nos. 65 and 67.  The court once more ordered the Plaintiffs to comply with this court's previous orders (Docket Nos. 31, 48 and 57) and with LBR 7026-1 and move the court within 90 days informing the status of the case. See Docket No. 65 and 67.  The Plaintiffs failed to do so, and on January 24, 2013, the court entered a second order to show cause why the instant adversary proceeding should not be dismissed for failure to prosecute.  See Docket No. 73.  Upon the Plaintiffs' *Answer to Order to Show Cause* (Docket No. 75), the court scheduled a hearing for April 30, 2013 and once again ordered the parties to file proposed findings of facts and conclusions of law 7 days prior to the hearing, with each

proposed fact referring to a witness or a document. See Docket No. 76. Because Plaintiffs did not comply, the court entered an *Order* on April 26, 2013 ruling as follows: "In spite of the time that has elapsed, Plaintiffs have failed to comply with this court's order. Such continuous disregard for this court's orders warrant the dismissal of the adversary proceeding for failure to prosecute." (Docket No. 78)

It is evident that despite four prior opportunities to comply with this court's orders, four scheduled evidentiary hearings that had to be continued and two orders to show cause, the Plaintiffs simply failed to comply with this court's orders in about a year span. Such clear pattern of non-compliance constitutes in and of itself the "extreme misconduct" that warrants dismissal for want of prosecution under Fed. R. Civ. P. 41(b). See Young v. Gordon, 330 F.3d at 81.

Conclusion

In view of the foregoing, the Plaintiffs' *Motion to Reconsider* is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 17th day of July, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge